[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this four count complaint as a result of her being laid off on September 29, 1992, as a consequence of an overall reduction-in-force by her employer, Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI").
On February 5, 1990, the plaintiff went to the BIPI headquarters to inquire about the availability of full time employment. A BIPI representative had her fill out an employment application which she completed and signed and, also, left her resume. The plaintiff is a well educated and well qualified financial analyst. The application was a printed form and immediately above her signature, in bolder type than that of the informational portions of the application, was the following language:
 I UNDERSTAND THAT THIS EMPLOYMENT APPLICATION AND ANY OTHER COMPANY DOCUMENTS ARE NOT CONTRACTS OF EMPLOYMENT, AND THAT ANY INDIVIDUAL WHO IS HIRED MAY VOLUNTARILY LEAVE EMPLOYMENT UPON PROPER NOTICE, AND MAY BE TERMINATED BY THE EMPLOYER AT ANY TIME AND FOR ANY REASON I UNDERSTAND THAT ANY ORAL OR WRITTEN STATEMENTS TO THE CONTRARY ARE HEREBY EXPRESSLY DISAVOWED AND SHOULD NOT BE RELIED UPON BY ANY PROSPECTIVE OR EXISTING EMPLOYEE.
On March 5, 1990, the plaintiff participated in an exploratory interview with Mr. Raymond Cummings to further CT Page 6107 discuss the plaintiff's qualifications, but not to interview for a specific job opening, since none was available at that time. Mr. Cummings was the company's comptroller at the time of the interview. During this exploratory interview, Mr. Cummings emphasized that historically BIPI had not had any layoffs and that the company philosophy was to attempt to reassign employees to other available positions if they existed. The plaintiff expressed her desire for job security and her goal of steady employment until her daughter graduated from high school in June of 1994. She did not discuss the "terminated by the employer at any time and for any reason" language in the employment application. Mr. Cummings did not make any express promises to the plaintiff that she would not be laid off from her job (at this point, an undefined position) sooner than June, 1994.
Subsequent to the Cummings interview, arrangements were made for an interview with Ms. Ruskin and Ms. Sutton of BIPI, two possible supervisors of the plaintiff for a yet to be defined job. The plaintiff expressed in general terms at this meeting her hope for job security but did not go into any detail, and did not receive any specific assurances of job security. A position of financial analyst was offered to plaintiff in April, 1990, at an annual salary of $38,000. The plaintiff rejected this offer and indicated she would not accept a position with an annual salary of less than $40,000. Two weeks later, BIPI met her salary demands and plaintiff started work in June of 1990. No further discussions were had concerning plaintiff's goal of job security to June of 1994, or of the effect of the aforementioned language in the employment application.
The plaintiff's work performance was satisfactory while employed at BIPI. In January of 1991, BIPI initiated a study to determine the answer to why administrative expenses were growing disproportionately to its sales revenue. As a result of the study, a program of layoffs was started in the spring of 1991, to downsize the number of employees at BIPI by 20 percent. In September, 1992, after a number of rounds of layoffs, the plaintiff, who had the least seniority in her department, was selected for layoff.
On September 29, 1992, plaintiff was informed of her layoff by Daniel Parnell, the associate director of finance and accounting. The termination procedure was conducted by Mr. Parnell in a sensitive manner and the plaintiff did not display any outward signs of distress. The discharge procedure was CT Page 6108 orderly and included an opportunity for the plaintiff to make two telephone calls, and she was then escorted to a career transition center provided by BIPI for laid off employees. The plaintiff used the resources of the center for several months after her termination.
The first count of plaintiff's complaint is a claim for breach of an implied contract of employment for a minimum term of employment until her daughter's graduation from high school.
"[I]n order to find that an implied contract of employment incorporates specific representations orally made by the employer . . . the trier of fact is required to find the following subordinate facts. Initially, the trier of fact is required to find that the employer's oral representations . . . to the employee was an `offer' — i.e., that it was a promise to the employee that, if the employee worked for the company . . . her employment would thereafter be governed by those oral . . . statements . . . ." Torosyan v. Boehringer IngelheimPharmaceuticals. Inc., 234 Conn. 1, 13-14 (1995).
This court is unable to find that the statements of Mr. Cummings at the exploratory interview rise to the level of an offer of permanent employment for a minimum term. None of Mr. Cummings' statements concerning the favorable employment history of BIPI were related to a specific inducement to persuade the plaintiff to accept a job as yet to be defined. This is not theTorosyan case where that plaintiff was invited from California at BIPI's expense to interview for a specific position and was required to move his family from California and leave a job in California. In Torosyan, the employee in 1982, was assured in the employee manual that discharge would only be for cause and after an opportunity to have access to the president and chief executive officer of BIPI. In the present case, the only writing was an indication of at will employment on the job application, signed by the plaintiff.
The plaintiff at no time expressed to Mr. Cummings or at a subsequent interview that employment for a minimum term was a condition of her acceptance of an offer of employment. The only condition raised was the amount of salary. Thus, since no offer was made by BIPI personnel and no condition of the acceptance of employment was expressed by the plaintiff related to employment for a minimum term, judgment may enter for the defendant on the first count of plaintiff's complaint. CT Page 6109
The next count of plaintiff's complaint to be addressed alleges a claim based on promissory estoppel/detrimental reliance. The plaintiff, to be successful, needed to prove damages based upon a promise which induced her to act or forebear, and that such action or forbearance was undertaken in reasonable reliance upon the promise. The promise must be proven to be a promise that the promisor should have reasonably have expected to induce action or forbearance on the part of the promisee.
The facts found are that Mr. Cummings, the claimed source of the promises, was interviewing the plaintiff for a yet to be defined job. The plaintiff has not sustained her burden that such promises of job security were made. In addition, the court cannot find that the claimed reliance of the plaintiff was reasonable in light of the language in her job application, which she signed. Judgment may enter for the defendant on the second count of plaintiff's complaint.
The third count of plaintiff's complaint is her claim for negligent infliction of emotional distress. The plaintiff claims that her termination process consisted of unreasonable conduct on the part of BIPI employees on the day of her termination. As noted above, the termination process was conducted by Mr. Parnell in a sensitive manner. The plaintiff was treated with respect and dignity. She displayed no outward signs of distress. The plaintiff has failed to sustain her burden of proof that her employer's conduct in the manner of termination was unreasonable. Judgment may, therefore, enter for the defendant on the third count of the complaint.
The last count of plaintiff's complaint alleges negligent misrepresentation by Mr. Cummings, defendant's then comptroller. Paragraph 18 of this count alleges "[p]laintiff clearly and unequivocally stated to the defendant she was only interested in employment that would last at least through her daughter's graduation in June, 1994." She then alleges that she expressed this as a condition of her employment. The plaintiff has failed to prove that this was a "condition" of her employment. The expression of a desire or a goal does not rise to a condition clearly and unequivocally stated.
In addition, the plaintiff failed to prove that the statements made by Mr. Cummings were false at the time they were CT Page 6110 made. There was no proof that layoffs had occurred prior to plaintiff's interview or that BIPI was not a prospering company. There was no showing by plaintiff that the statements made by Mr. Cummings were made without his exercise of reasonable care or competence in obtaining or communicating the information given by him to the plaintiff. It was not reasonably foreseeable at the time that a feasibility study initiated in January of 1991, would bring about layoffs, including plaintiff's in 1992.
Judgment may enter for the defendant on the fourth count of plaintiff's complaint.
Stodolink, J.